OPINION OF THE COURT
The Petitioner Tribal Council of the Cherokee Nation brings this action for declaratory judgment asking this court to find that the authorization of the proxy vote by the Council is a proper exercise of the powers granted under Article V of the Constitution. We accept the jurisdiction pursuant to Article VII of the Constitution.
This Court has reviewed the files and pleadings in the case, has received and considered the written briefs of Counsel and has heard oral argument of the 9th day of April, 2004.
Article 5, Section 2 of the Constitution of the Cherokee Nation (1975) provides that “The Council shall establish rules for its credentials, decorum, and procedure.” Pursuant to that authority, the Council has enacted its “Rules of Procedure Governing the Cherokee Nation Tribal Council” which includes at Section III(C) the following language:
“C, Voting—No Councilor shall cast a vote on any legislation unless he/she is seated in the Council chamber during the vote call. A Councilor may not authorize, cast, or cause to be recorded a vote for any other member on such member’s behalf, unless the absent member is not present by reason of official Cherokee Nation business.”
The Respondent Deputy Principal Chief takes the position that proxy voting is not authorized by the Constitution and that his action as President of the Council in denying the proxy vote, is a proper and necessary exercise of the powers of his office.
*6 The Council has the power to establish its rules of procedure, but theses rules, as with any other enactment shall not be contrary to the Constitution. [1] The Council has authorized vote by proxy when a member is absent because of Cherokee Nation business. The issue before us is whether this enactment is contrary to the Constitution.
Article V, Section 11 of the Constitution provides that “Every enactment which shall have been approved by a majority of the members in attendance at the Council shall, before it becomes effective be presented to the Principal Chief, if he approves, he shall sign it; ...” Can the phrase “in attendance” be interpreted to permit the Council to authorize proxy voting? We find that it cannot. A similar phrase defines the requirements for a quorum under Section 4 of Article V[2]. This court has interpreted that Section including the phrase “in attendance” to be “clear and unambiguous” requiring the presence of at least 10 Council members[3].
In light of unambiguous language of Article V at Sections 4 and 11 and the previous analysis by this Court, we FIND that the provision of Article V, Section 11 of the Constitution of the Cherokee Nation (1975) requires that voting Council members be in attendance at the meetings of the Council and that Rule III(C) of the Rules of Procedure Governing the Cherokee Nation Tribal Council, purporting to authorize voting by proxy is contrary to the constitution.

. Constitution of the Cherokee Nation (1975), Article V, Section 7

. Constitution of the Cherokee Nation (1975), Article V, Section 4 “... No business shall be conducted by the Council unless at least two thirds (2/3) of the members thereof regularly elected and qualified shall be in attendance, which number shall constitute a quorum...

. Holder, et a., v. Byrd et al, JAT-97-14 at p. 6